HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MACK WORLEY,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY OF VANCOUVER, et al.,<br><br>            Defendants. | CASE NO. C16-5572-RBL<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL<br><br>DKT. #12 |

THIS MATTER is before the Court on Defendants' Partial Motion for Dismissal [Dkt. #12]. Plaintiff Mack Worley recorded himself walking through the streets of Vancouver with his rifle slung over his shoulder. Defendant police officers stopped him to inspect the rifle and arrested him, which he claims violated his right to be free from unreasonable seizures. He asks for injunctive relief against the officers and Vancouver. Defendants ask the Court to dismiss Worley's claims for injunctive relief because he cannot establish that an actual controversy exists.

Dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be

enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*). A court may deny leave to amend if the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law. *See Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

To satisfy Article III's case and controversy requirements on a claim for equitable relief, a plaintiff must show a real or immediate threat he will be wronged again. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S. Ct. 1660 (1983) (citing *O'Shea v. Littleton*, 414 U.S. 488, 502, 94 S. Ct. 669 (1974)). Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief. *See id.* at 105. Without such showing, the federal courts lack jurisdiction to entertain a claim for injunctive relief.

Worley has failed to demonstrate a case or controversy with Defendants that would justify the equitable relief he seeks. His standing on these claims depends on whether there is a likely threat of Defendants again seizing him to examine his rifle and arresting him. That Worley might have been improperly seized and arrested once for unlawfully displaying a weapon does nothing to establish that he will be again. His move to Kansas makes any threat of future harm by Defendants that much more unlikely and that much more indistinguishable from any other citizen's potential claim. Because there is no real or immediate threat to Worley that Defendants will unconstitutionally seize and arrest him, the Court lacks Article III jurisdiction to grant him injunctive relief.

1     Worley argues *Lyons* does not foreclose him relief because case law relaxes the standing

2 requirements for class actions. Even if this distinction were true, it is inapposite. Worley only

3 asserts claims on his own behalf. He cannot proceed without standing.

4     The Court lacks jurisdiction over Worley's claims for equitable relief. Defendant's Motion

5 for Partial Dismissal [Dkt. #12] is GRANTED. Worley's claims for injunctive relief alleging

6 Defendants violated his right to be free from unreasonable seizures and arrests under the

7 Washington State Constitution (his second, fourth, sixth, and eighth claims) are DISMISSED

8 with prejudice. He is also precluded from pursuing injunctive relief on his federal claims.

9     IT IS SO ORDERED.

10     Dated this 10th day of January, 2017.

                                                Ronald B. Leighton (as auth/dn)
                                                United States District Judge